UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STELLAR 83 COURT, LLC.,

                Plaintiff,

        - against -

BANK OF AMERICA, N.A.,

                Defendant.

BANK OF AMERICA, N.A.,

                Defendant and Third
                Party Plaintiff,

        -against-

PMC PROPERTY GROUP, INC.,
ROOSEVELT'S INC., AND RONALD
CAPLAN,

                Third Party Defendants.

Civil Action No. 3:12-cv-00335-DNH-ATB

## CIVIL CASE MANAGEMENT PLAN

Counsel for all parties, having conferred in accordance with Fed. R. Civ. Pro. 26(f) with respect to all of the agenda items listed below, submit this report of the meeting to be discussed with the Court at the status conference set for **August 10, 2012, at 11:00 AM** telephonically before the Honorable ANDREW T. BAXTER, United States Magistrate Judge:

**1) JOINDER OF PARTIES:** Any application to join any person to this action shall be made on or before the ___31st___ day of ___October___, ___2012___.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the ___30th___ day of ___November___, ___2012___.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the ___31st___ day of ___May___, ___2013___.

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the ___30th___ day of ___June___, ___2014___.

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:**  The action will be ready to proceed on or before the _____ day of _____, ____.  It is anticipated that the trial will take approximately __5__ days to complete.   The parties request that the trial be held in __Binghamton__, N.Y.

**6) HAVE THE PARTIES FILED A JURY DEMAND:** ___ (YES)/ __X__ (NO)

Plaintiff, however, intends to file a jury demand.  Plaintiff has not yet filed a jury demand because it originally commenced this action in State Supreme Court.  Defendant removed this action to federal court.

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION?   ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION?   HAVE ALL PARTIES BEEN SERVED?**

Yes.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiff alleges that Defendant honored and paid two checks to the Third Party Defendants without Plaintiff's endorsement in violation of NY U.C.C. § 3-116 and 3-419(1).  In addition to asserting defenses to Plaintiff's claims, Defendant has filed Counterclaims against the Third Party Defendants seeking indemnification or contribution based on the Third Party Defendants' actions in presenting the checks for payment.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

(1) Is Plaintiff entitled to any or part of the two checks presented for payment without its endorsement; (2) Has Plaintiff suffered any damages; (3) Is Defendant liable for any damages allegedly suffered by Plaintiff; and (4) Is Defendant entitled to indemnification or contribution from the Third Party Defendants.  During the course of discovery, there may be other disputed factual and/or legal issues that arise, and the parties reserve the right to raise them with the Court.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS?   ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

Plaintiff has commenced an action in New York State Supreme Court against Third-Party Defendants, seeking a return of the same funds at issue in this Action. Defendant proposes a stay of this action while the State Court Action is pending. Defendant believes that the State Court Action may well resolve significant issues in this case and a stay could increase judicial efficiency. In the absence of a stay, Defendant believes the issue of indemnification and/or contribution from the Third Party Defendants is one appropriate for a motion for partial summary judgment early in this case, perhaps even prior to the start of discovery. Plaintiff believes that a stay is not appropriate given that there are factual and legal issues that are distinct to each case.

## 11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?

Plaintiff seeks damages of $3,669,402.28 plus interest from Defendant. Defendant seeks an order that Plaintiff is not entitled to any damages. Defendant also seeks an order that it is entitled to indemnification from the Third Party Defendants for the full amount of any damages imposed or, in the alternative, contribution from the Third Party Defendants for any damages imposed against it.

## 12) DISCOVERY PLAN:

### A.   Mandatory Disclosures

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) on or before

September 30, 2012

### B.   Subjects of Disclosure

The parties jointly agree that discovery will be needed to address the following subjects:

(1) The entitlement of Plaintiff to the proceeds of the two checks that are the subject matter of the above-titled action; (2) representations made by the Third Party Defendants to Defendant in connection with, among other things, their (a) relationship with Plaintiff, (b) entitlement to the individual checks at issue, and (c) presentment of the checks for

payment to Defendant; (3) the amount of damage suffered by Plaintiff; and (4) other subjects not yet determined.

## C.   Discovery Sequence

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

Defendant recommends that discovery be phased to determine whether Defendant is entitled to indemnification or contribution from the Third Party Defendants in order to allow a partial summary judgment motion on this subject to be filed early in the action.

## D.   Written Discovery

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties intend to serve written discovery demands under Rules 33, 34 and 36, but have not yet determined the number to be served, when they will be served, or the extent of the areas to be covered. As of the date of this filing, the parties do not believe the number of interrogatories will exceed that amount permitted under Rule 33.

## E.   Depositions

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

At this point in time, the parties have not made a decision regarding the number and type of depositions.

## F.   Experts

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert

disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery)

At this time, no party has made a decision regarding the use of experts.

### G.   Electronic Discovery

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

The parties anticipate serving requests for electronically stored information, such as bank account statements, transactional records, property ownership information, and insurance records. At this time, there is no expectation that the parties will have to restore any electronically stored information. All documents will be produced electronically in tiff image format. The parties plan to negotiate a protective order governing the exchange of information, which will include provisions addressing the inadvertent production of any documents subject to claims of privilege or work product protection.

### H.   Protective Order

If the parties anticipate requiring a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

See G above. The protective order will generally seek to protect the confidentiality of documents, particularly those containing commercially sensitive and account information.

### I.   Anticipated Issued Requiring Court Intervention

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

At this time, the parties are unaware of any discovery related issues that may require court intervention.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF THE TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE?  IS IT FEASIBLE AND DESIRABLE TO BIFURCATE THE ISSUES FOR TRIAL?**

It may be possible to reduce the length of trial through a motion for partial summary judgment concerning Defendant's entitlement to indemnification or contribution from the Third Party Defendants.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No.   There is a related action pending before the New York State Supreme Court, Broome County between Plaintiff and Third Party Defendants.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

CANNOT BE EVALUATED PRIOR TO   End of Discovery

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

As of right now, settlement discussions are premature.

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

    ____        ARBITRATION

    _X_        MEDIATION

    ____        EARLY NEUTRAL EVALUATION

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on July 25, 2012 via phone and was attended by:

R. Anthony Rupp III and Daniel E. Sarzynski for plaintiff

Pamela A. Miller, Robert Barrer, and Kathleen Reilly for defendant Bank of America, N.A.

W. Bradley Hunt for third party defendants PMC Property Group, Inc., Roosevelt's Inc., and Ronald Caplan

Dated:     Syracuse, New York
               July 27, 2012

RUPP, BAASE, PFALZGRAF,                          ARNOLD & PORTER LLP
CUNNINGHAM & COPPOLA LLC

By: _____                        By: _____
         R. Anthony Rupp III                              Pamela Miller
         Daniel E. Sarzynski                             399 Park Avenue
         1600 Liberty Building                           New York, New York  10022-4690
         Buffalo, NY 14202                               Telephone:  +1 212.715.1000
         Telephone: +1 717.854.3400               Facsimile:  +1 212.715.1399
         Facsmile: +1.716.332.0336                   E-Mail: Pamela.Miller@aporter.com
         E-Mail: rupp@ruppbaase.com
                   sarzynski@ruppbaase.com     HISCOCK & BARCLAY LLP

*ATTORNEYS FOR PLAINTIFF STELLAR*          By: _____
*83 LLC*                                                         Robert A. Barrer
                                                                      One Park Place
                                                                      300 South State Street
                                                                      Syracuse, NY 13202
                                                                      Telephone: +1 315.425.2704
                                                                      Facsimile: +1 315.425.8544
                                                                      E-MAIL: RBARRER@HBLAW.COM

                                                              *ATTORNEYS FOR DEFENDANT BANK OF*
                                                              *AMERICA, N.A.*


                                                              MACKENZIE HUGHES, LLP

                                                              By: _____
                                                                      W. Bradley Hunt
                                                                      101 S. Salina Street
                                                                      P.O. Box 4967
                                                                      Syracuse, NY 13221-4967
                                                                      Telephone: +1 315.233.8233
                                                                      E-Mail: bhunt@mackenziehughes.com

                                                              *ATTORNEYS FOR THIRD PARTY DEFENDANTS*
                                                              *PMC PROPERTY GROUP, INC., ROOSEVELT'S*
                                                              *INC., and RONALD CAPLAN*

Dated:      Syracuse, New York
            July 27, 2012

RUPP, BAASE, PFALZGRAF,                ARNOLD & PORTER LLP
CUNNINGHAM & COPPOLA LLC

By:_____          By: *Pamela A. Miller / kl*
        R. Anthony Rupp III           Pamela Miller
        Daniel E. Sarzynski           399 Park Avenue
        1600 Liberty Building          New York, New York  10022-4690
        Buffalo, NY 14202             Telephone:  +1 212.715.1000
        Telephone: +1 717.854.3400    Facsimile:  +1 212.715.1399
        Facsmile: +1.716.332.0336     E-Mail: Pamela.Miller@aporter.com
        E-Mail: rupp@ruppbaase.com
                sarzynski@ruppbaase.com   HISCOCK & BARCLAY LLP

*ATTORNEYS FOR PLAINTIFF STELLAR*      By: *Robert A. Barrer*
*83 LLC*                                       Robert A. Barrer
                                               One Park Place
                                               300 South State Street
                                               Syracuse, NY 13202
                                               Telephone: +1 315.425.2704
                                               Facsimile: +1 315.425.8544
                                               E-MAIL: RBARRER@HBLAW.COM

                                       *ATTORNEYS FOR DEFENDANT BANK OF*
                                       *AMERICA, N.A.*


                                       MACKENZIE HUGHES, LLP

                                       By: _____
                                               W. Bradley Hunt
                                               101 S. Salina Street
                                               P.O. Box 4967
                                               Syracuse, NY 13221-4967
                                               Telephone: +1 315.233.8233
                                               E-Mail: bhunt@mackenziehughes.com

                                       *ATTORNEYS FOR THIRD PARTY DEFENDANTS*
                                       *PMC PROPERTY GROUP, INC., ROOSEVELT'S*
                                       *INC., and RONALD CAPLAN*

8

Dated:    Syracuse, New York
         July 27, 2012

RUPP, BAASE, PFALZGRAF,        ARNOLD & PORTER LLP
CUNNINGHAM & COPPOLA LLC

By:_____      By: _____
       R. Anthony Rupp III         Pamela Miller
       Daniel E. Sarzynski         399 Park Avenue
       1600 Liberty Building       New York, New York  10022-4690
       Buffalo, NY 14202          Telephone:  +1 212.715.1000
       Telephone: +1 717.854.3400    Facsimile:  +1 212.715.1399
       Facsmile: +1.716.332.0336     E-Mail: Pamela.Miller@aporter.com
       E-Mail: rupp@ruppbaase.com
              sarzynski@ruppbaase.com   HISCOCK & BARCLAY LLP

*ATTORNEYS FOR PLAINTIFF STELLAR*   By: _____
*83 LLC*
                             Robert A. Barrer
                             One Park Place
                             300 South State Street
                             Syracuse, NY 13202
                             Telephone: +1 315.425.2704
                             Facsimile: +1 315.425.8544
                             E-MAIL: RBARRER@HBLAW.COM

                      *ATTORNEYS FOR DEFENDANT BANK OF*
                      *AMERICA, N.A.*

                      MACKENZIE HUGHES, LLP

                      By: _____
                        W. Bradley Hunt
                        101 S. Salina Street
                        P.O. Box 4967
                        Syracuse, NY 13221-4967
                        Telephone: +1 315.233.8233
                        E-Mail: bhunt@mackenziehughes.com

                      *ATTORNEYS FOR THIRD PARTY DEFENDANTS*
                      *PMC PROPERTY GROUP, INC., ROOSEVELT'S*
                      *INC., and RONALD CAPLAN*

8