UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STELLAR 83 COURT, LLC,

      Plaintiff,

-against-

BANK OF AMERICA, N.A.,

      Defendant.

BANK OF AMERICA, N.A.,

      Defendant and Third
      Party Plaintiff,

-against-

PMC PROPERTY GROUP, INC.,
ROOSEVELT'S INC., and RONALD
CAPLAN,

      Third Party Defendants.

Civil Action No. 3:12-cv-00335-DNH-ATB

## STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

This matter having come before the Court by stipulation of Plaintiff Stellar 83 Court, LLC ("Stellar 83"), Defendant and Third Party Plaintiff Bank of America, N.A. ("BANA"), and Third Party Defendants PMC Property Group, Inc., Roosevelt's Inc, and Ronald Caplan (collectively, "PMC", and collectively, for purposes of this agreement only, with Stellar 83 and BANA, the "Parties," and each, individually, a "Party"), for the entry of a protective order, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information that has been and will be produced by the Parties and its respective counsel in connection with this matter; and the Parties, by, between and among their respective

counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. The purpose of this Stipulation is to facilitate the production and exchange of documents and information that merit confidential treatment, and to protect the confidentiality of the Parties', or any client of a Party's, legitimate business interests and other non-public competitively sensitive, proprietary, trade secret, or confidential business information.

2. This Stipulation governs the handling of all documents (including electronic documents), testimony and information produced, given, used or filed herein by any Party and designated or considered "CONFIDENTIAL" under this Agreement.

3. Any Party may designate as "CONFIDENTIAL" any materials produced or information disclosed in this Action, including any document, any answer to interrogatories or information disclosed in this Action, any expert reports, or any portion of any deposition (including exhibits) if the information contains confidential or sensitive information relating to confidential or sensitive business matters, trade secrets, or other proprietary or financial information belonging to a Party or a client of a Party.

4. A Party shall employ diligent efforts to designate copies of documents at the time they are copied or produced by stamping or marking each page of the documents as CONFIDENTIAL. A Party shall employ diligent efforts to designate particular information in an interrogatory response or deposition as CONFIDENTIAL when disclosed. All information contained in documents and materials designated as CONFIDENTIAL shall be deemed to be confidential and shall be handled in accordance with this Agreement.

5. The designation of material or information as CONFIDENTIAL shall not constitute or be construed as a waiver or admission by the designating Party that such material is relevant or material to any issue, is otherwise discoverable, or is, in fact, confidential or a trade secret.

6. The inadvertent or unintentional failure to designate specific information or material as CONFIDENTIAL shall not be deemed a waiver in whole or in part of a producing Party's claims of confidentiality as to such material. Upon the producing Party's prompt notice to the receiving Party of such failure to designate, the receiving Party shall cooperate to restore the requested confidentiality of the inadvertently disclosed information, including, if requested by the producing Party, the return of originals and all copies of the documents or things containing the CONFIDENTIAL material so that the producing Party may designate them as containing such information and re-produce them to receiving Party.

7. The inadvertent disclosure of any documents or information that the producing Party later claims should have been withheld on grounds of a privilege, including without limitation the attorney client privilege and the attorney work product doctrine, will not be deemed to waive any privilege or work product protection as to the documents or information. Upon the request of the producing Party, the receiving Party shall promptly return such inadvertently produced documents to the producing Party or certify that such documents and any and all copies made therefrom have been destroyed. Return of the document or information by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or information is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose either party from asking the Court to

determine whether the document or information has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

8. Material and information of a Party designated as CONFIDENTIAL shall be used only for the purposes of this Action, shall not be used for any other purpose, and shall not be disclosed to any third-person including the press or the public. All persons and Parties receiving documents or information marked CONFIDENTIAL shall employ diligent efforts to preclude any unauthorized or unrelated use.

9. CONFIDENTIAL documents and information shall be held in confidence and shall not be disclosed in any manner, in any form, to any person or entity other than:

(a) The Court;

(b) The third party neutral engaged for the purpose of alternative dispute resolution in this Action;

(c) Counsel retained in or working on this Action, including co-counsel and counsel employed directly by any Party;

(d) Employees and agents of such counsel;

(e) Witnesses or prospective witnesses and their counsel in this Action;

(f) Consultants and experts retained by a Party or its counsel to assist in the prosecution, defense or settlement of this Action;

(g) Any Party in this Action and Party employees, to the extent deemed reasonably necessary by counsel for that Party solely for the analysis, prosecution, defense or settlement of this Action; and

(h) Commercial photocopying and document processing firms and graphics or design services used by the Parties and their counsel in connection with this action.

10. Before any person other than the Court or a third party neutral as described in paragraph 9(b) above is given access to CONFIDENTIAL information or documents, the individual shall first read this Agreement and execute Exhibit A or, as is appropriate under the circumstances, acknowledge on the record that the individual has read and agrees to be bound by the terms of this Agreement and understands that a failure to abide by the terms of this Agreement constitutes a breach of this Agreement, or otherwise agrees in writing to be bound by the terms of this Agreement.

11. Nothing herein shall restrict the presentation of any evidence to the Court in this Action or to a third party neutral as described in paragraph 9(b) above during hearings before the Court or the third party neutral, provided that the Parties shall take reasonable steps to maintain the confidentiality of such documents or information.

12. The terms of this Agreement shall not terminate at the conclusion of this Action. All CONFIDENTIAL material produced, copied, or disseminated in this Action pursuant to this Stipulation, and all copies made thereof, shall be returned to counsel for the producing Party within thirty (30) days following the issuance of a final judgment in or a settlement of this Action, or, by agreement of counsel, may be destroyed or deleted. This obligation extends to all copies of confidential documents in a Party's possession, custody and control, and in the possession, custody and control of persons to whom that Party has distributed copies.

Dated: January ____, 2013

**RUPP, BAASE, PFALZGRAF,**
**CUNNINGHAM & COPPOLA LLC**

By:_____

    Daniel E. Sarzynski
    1600 Liberty Building
    Buffalo, NY 14202
    (716) 854-3400

*Attorneys for Stellar 83 Court, LLC*

Dated: _____

**MACKENZIE HUGHES LLP**

By:_____

    W. Bradley Hunt
    101 S. Salina St.
    Suite 600
    Syracuse, NY 13202
    (315) 233-8233

*Attorneys for PMC Group, Inc., Roosevelt's Inc,*
*and Ronald Caplan*

Dated: _____

**ARNOLD & PORTER LLP**

By: _____
    Pamela Miller
    399 Park Avenue
    New York, New York 10022
    (212) 715-1165

Dated: Feb 5, 2013

**HISCOCK & BARCLAY LLP**

By: _____
    Robert A. Barrer
    One Park Place
    300 South State St.
    Syracuse, NY 13202
    (315) 425-2704

*Attorneys for Bank of America, N.A.*

Dated: Feb 7, 2013

SO ORDERED: _____

Dated: ~~January~~ February 7, 2013

RUPP, BAASE, PFALZGRAF,
CUNNINGHAM & COPPOLA LLC

By: _____

Daniel E. Sarzynski
1600 Liberty Building
Buffalo, NY 14202
(716) 854-3400

*Attorneys for Stellar 83 Court, LLC*

Dated: _____

MACKENZIE HUGHES LLP

By: _____

W. Bradley Hunt
101 S. Salina St.
Suite 600
Syracuse, NY 13202
(315) 233-8233

*Attorneys for PMC Group, Inc., Roosevelt's Inc, and Ronald Caplan*

Dated: _____

ARNOLD & PORTER LLP

By: _____
Pamela Miller
399 Park Avenue
New York, New York 10022
(212) 715-1165

Dated: Feb 5, 2013

HISCOCK & BARCLAY LLP

By: _____
Robert A. Barrer
One Park Place
300 South State St.
Syracuse, NY 13202
(315) 425-2704

*Attorneys for Bank of America, N.A.*

Dated: _____

SO ORDERED: _____

6

Dated:    January ____, 2013

**RUPP, BAASE, PFALZGRAF,**
**CUNNINGHAM & COPPOLA LLC**

By:_____

    Daniel E. Sarzynski
    1600 Liberty Building
    Buffalo, NY 14202
    (716) 854-3400

*Attorneys for Stellar 83 Court, LLC*

Dated: _____


**MACKENZIE HUGHES LLP**

By: _____ *(signed)*

    W. Bradley Hunt
    101 S. Salina St.
    Suite 600
    Syracuse, NY 13202
    (315) 233-8233

*Attorneys for PMC Group, Inc., Roosevelt's Inc, and Ronald Caplan*

Dated: February 7, 2013


**ARNOLD & PORTER LLP**

By: _____ *(signed)*
    Pamela Miller
    399 Park Avenue
    New York, New York 10022
    (212) 715-1165

Dated: Feb 5, 2013


**HISCOCK & BARCLAY LLP**

By: _____
    Robert A. Barrer
    One Park Place
    300 South State St.
    Syracuse, NY 13202
    (315) 425-2704

*Attorneys for Bank of America, N.A.*

Dated: _____


SO ORDERED:    _____

6

## EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STELLAR 83 COURT, LLC,<br><br>   Plaintiff,<br><br> -against-<br><br>BANK OF AMERICA, N.A.,<br><br>   Defendant.<br><br>BANK OF AMERICA, N.A.,<br><br>   Defendant and<br>   Third Party<br>   Plaintiff,<br><br> -against-<br><br>PMC PROPERTY GROUP, INC.,<br>ROOSEVELT'S INC., and RONALD<br>CAPLAN,<br><br>   Third Party<br>   Defendants. | Civil Action No. No. 3:12-cv-00335-DNH-ATB |

## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

 I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____
_____.

4.  I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____.

5.  I have carefully read and understand the provisions of the Stipulation.

6.  I will comply with all of the provisions of the Stipulation.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action and for no other purpose, action or proceeding, any Confidential Information that is disclosed to me.

8.  I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.  I understand that violation of a Court Ordered Stipulation such as this is a serious infraction and I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order and Stipulation.

Dated: _____    _____